IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Rodney Henry, | ) | |
| | ) | C/A No. 7:04-1610-MBS |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **O R D E R** |
| | ) | |
| Respondent. | ) | |
| | ) | |

## **INTRODUCTION**

Movant Rodney Henry, appearing *pro se*, is an inmate of the Federal Bureau of Prisons at Butner Federal Correctional Institution in Butner, North Carolina. On May 21, 2004, Movant petitioned this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel, actual innocence, malicious prosecution, and improper calculation of drug quantity for sentencing purposes.

This matter is before the court on Respondent's motion for summary judgment filed November 8, 2004. By order dated November 23, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On December 30, 2004, Movant filed a response to Respondent's motion.

The court has considered the pleadings, motions, memoranda, and other documents offered by the parties in support of their respective positions. The court concludes that Respondent's motion for summary judgment should be granted.

## **FACTS**

The court views the facts in the light most favorable to Movant. On March 1, 2002, Movant was arrested on state charges for possession of drug paraphernalia and 7.44 grams of methamphetamine. An inventory search of Movant's car uncovered a nine-millimeter Lorcin semiautomatic pistol, 19 grams of marijuana, and digital scales. At the Spartanburg Detention Center, Movant was read his Miranda rights and consented to a search of his home, where he resided with his common law wife and two children.

Prior to the search of Movant's home, Movant had installed a bugging device which intercepted and recorded telephone conversations coming into or originating from Movant's home telephone. During the search, law enforcement officers used Movant's home telephone to speak with other law enforcement officers and discussed the search of Movant's home. A video recording and photographs taken by law enforcement officers during the search show that all rooms of the residence, except for the children's bedroom, contained paraphernalia used to cook methamphetamine.

On April 23, 2002, Movant was named in a nine-count indictment[1] filed with this court, charging Movant with (1) conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) creating a substantial risk to human life while manufacturing or attempting to manufacture methamphetamine; (3) possessing equipment, chemicals, and materials used to manufacture a controlled substance; (4) possession with intent to distribute less than 500 grams of a mixture containing a detectable amount of methamphetamine; and (5) being a felon

---

[1]Three co-defendants were also charged in the nine-count indictment.

in possession of a firearm. On February 4, 2003, Movant pleaded guilty to counts one through six, and nine of the indictment. On July 9, 2003, Movant was sentenced to 235 months imprisonment and five years of supervised release. A judgment was entered on July 17, 2003. Movant did not file a direct appeal.[2] Movant filed the instant § 2255 motion on September 10, 2003.

## DISCUSSION

### I. Summary Judgment Standard of Review

Respondent moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment "shall be rendered forthwith when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A court's duty in deciding a motion for summary judgment "is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The moving party must demonstrate a lack of sufficient evidence, while the non-moving party must set forth "specific facts showing that there is a genuine issue of material fact for trial." FED. R. CIV. P. 56(e). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. Anderson, 477 U.S. at 248. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

---

[2]Movant had until July 31, 2003 to appeal his sentence. See FED. R. APP. P. 4(b)(1)(A)(i) (providing that a defendant must file a notice of appeal in the district court within 10 days after the entry of the judgment).

(1986).

The non-moving party's production of a "mere scintilla of evidence" in support of his position is insufficient; the evidence must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 252. In making a summary judgment ruling, the court must view the facts and reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Summary judgment should be granted in those cases in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees, 955 F.2d 924, 928 (4th Cir. 1992).

**II. Movant's Contentions**

Movant asserts that his trial attorney, Michael MacKinnon, Esquire, provided ineffective assistance of counsel because Mr. MacKinnon failed to present a tape recording of telephone conversations held over Movant's home telephone during the course of a search of Movant's home. Movant contends that the conversations reveal that law enforcement officials manufactured evidence implicating Movant. Memorandum of Law in Support of Petitioner's Motion for Habeas Corpus Relief, Pursuant to 28 U.S.C. § 2255 ("Movant's Memo. in Support") at 7. Movant explains that Mr. MacKinnon failed to present this mitigating evidence and this failure "caused the Petitioner to decide to [p]lead [g]uilty," which plea he could not later withdraw. Id. at 13. Although Movant notes that the tape may be illegal and that Mr. MacKinnon did mention the tape to the court during one of Movant's hearings, Movant insists that Mr. MacKinnon failed in his "duty to make a concerted effort to actively defend the

Petitioner." Id. at 14, 15.

Movant also avers that he is innocent of all charges and that, because of a conspiracy on the part of law enforcement officials to "fabricate [e]vidence," he was maliciously prosecuted. Id. at 3. Movant contends that his signature on the "Consent to Search Waiver" was forged and, therefore, all evidence derived from the search of Movant's home are inadmissible. Id. at 4. Finally, Movant states that he was sentenced in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004) and the Sixth Amendment, because he received sentencing enhancements that were not presented in an indictment, approved by a jury, or agreed to by Movant. Id. at 18.

### III. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant claiming ineffective assistance of counsel must show that (1) trial counsel's performance was not reasonable under prevailing professional norms, and (2) he was prejudiced by trial counsel's deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 694. There is, however, a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689; see McMann v. Richardson, 397 U.S. 759, 770-71 (1970) (stating that counsel's advice must be within the range of competence demanded of attorneys in criminal cases). Effective representation is not the same as errorless representation; counsel may make a decision or give advice that proves incorrect. Marzullo v. State of Maryland, 561 F. 2d 540, 544 (4th Cir. 1977). Even if counsel has unreasonably erred, the judgment of a criminal proceeding will not be set aside if the error had no effect on the judgment. Strickland, 466 U.S. at 691; see Eaton v.

Angelone, 139 F.3d 990, 994 (4th Cir. 1998) (finding that "the overwhelming case against [the defendant] made the task of defending him very difficult").

Counsel cannot be held to have been ineffective for failing to raise meritless claims, nor can a defendant be said to have been prejudiced thereby. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); see Jones v. Barnes, 463 U.S. 745, 752 (1983) (deciding that counsel may decline to appeal a non-frivolous issue if appealing a weak issue would have the effect of diluting stronger arguments on appeal). Furthermore, a defendant's mere "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In the instant case, Movant has failed to bear his burden of showing that Mr. MacKinnon's alleged failure to present the tape affected the outcome of Movant's case. First, Movant concedes that Mr. MacKinnon mentioned the tape to the court during one of Movant's hearings. Second, Movant makes only conclusory allegations that Mr. MacKinnon should have done more on Movant's behalf. Third, Mr. MacKinnon states that when he discussed the tape with Movant, he told Movant that it was his opinion that the tape was illegal and the state and the federal governments could impose criminal sanctions for Movant's recording of telephone conversations to which Movant was not a party. MacKinnon Aff. at 2. Mr. MacKinnon also explained that he could be subject to criminal sanctions for using the tape in his defense of Movant. Id. Mr. MacKinnon affirms that he informed the court both of Movant's position regarding the taped conversations and that he felt it was improper to use the tape in any manner. Id. Accordingly, this court finds that Mr. MacKinnon was not deficient for refusing to use an illegal recording, which could thereby subject counsel and Movant to criminal charges. See 18

U.S.C. § 2518 (prohibiting a person from intercepting a wire, oral, or electronic communication, and prohibiting a person from disclosing or endeavoring to disclose an illegally intercepted wire, oral, or electronic communication).

### IV. Remaining Grounds of Movant's Motion

Movant has failed to raise on appeal the remaining grounds of his motion, i.e., actual innocence, malicious prosecution, and improper calculation of drug quantity for sentencing purposes. See United States v. Frady, 456 U.S. 152, 162 (1982). It is well settled that an argument not raised on direct appeal is waived and cannot be raised on collateral review, unless the moving party demonstrates cause for his failure to appeal and actual prejudice stemming from this procedural default. Id.; United States v. Harris, 183 F.3d 313, 315 (4th Cir. 1999); see Tuttamore v. United States, 2005 WL 234368, *1 (N.D. Ohio Feb. 1, 2005) (dismissing a § 2255 petition because petitioner waived his right to appeal or otherwise challenge his conviction or sentence when he failed to take a direct appeal). Ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). The party seeking to prove actual prejudice under the Frady test bears the burden of showing, not merely that the errors created a possibility of prejudice, but that they worked to the movant's actual disadvantage. Frady, 456 U.S. at 170.

Movant has not shown that his counsel's performance was deficient and that the deficient performance prejudiced the defense. See Frady, 456 U.S. at 162; Strickland, 466 U.S. at 687. Furthermore, Movant failed to challenge these issues in his presentence report or at his sentencing. See FED. R. CRIM. P. 32. For this reason, if Movant had taken a direct appeal, he would have been found to have waived these issues. See United States v. Perkins, 108 F.3d 512,

516 (4th Cir. 1997) (holding that an appellate court will not consider an issue not raised in the court from which the appeal is taken).

Furthermore, Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), are not applicable to Movant's case, because the decisions of Blakely and Booker are not retroactive for purposes of § 2255 collateral attacks. See Tuttamore, 2005 WL 234368, at *1; Gerrish v. United States, 353 F. Supp. 2d 95, 96 (D. Maine 2005). Because there is no material factual dispute, the Strickland test is not satisfied, Movant failed to challenge sentencing issues in his presentence report or at sentencing, and Movant failed to file a direct appeal, Respondent is entitled to summary judgment as a matter of law.

## CONCLUSION

For the above stated reasons, IT IS HEREBY ORDERED that Respondent's motion for summary judgment is **granted**. The petition is **dismissed** with prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

May 13, 2005
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**